NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 27, 2021[*]
Decided May 28, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 20-2270

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Southern District of |
| | Indiana, Indianapolis Division. |
| *v.* | No. 1:18-cr-00266-JRS-MJD-01 |
| DEVAN D. EVANS, | James R. Sweeney II, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Devan Evans, a federal prisoner, pleaded guilty in October 2019 to possessing marijuana with intent to distribute, 21 U.S.C. § 841(a)(1), and carrying a firearm in relation to a drug-trafficking crime, 18 U.S.C. § 924(c)(1). His plea agreement included a broad waiver in which he "expressly agree[d] not to contest, or seek to modify, [his] conviction or sentence … in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582." Nevertheless, six months later Evans moved for

---

[*] We granted the parties' joint motion to waive oral argument, and the appeal is submitted on the briefs and the record. FED. R. APP. P. 34(a)(2)(C).

compassionate release under § 3582(c)(1)(A)(i), arguing that his health conditions placed him at heightened risk of serious illness if he contracted Covid-19. The government argued that he waived the right to bring such a motion in his plea agreement, but the district judge ignored the waiver and denied Evans's motion on the merits, concluding that his release would endanger the public.

Evans appeals, and the government reasserts its waiver argument. We agree that the waiver in Evans's plea agreement covers his compassionate-release motion and is enforceable. In *United States v. Bridgewater*, 995 F.3d 591 (7th Cir. 2021), we held that a similarly worded waiver of "the right to seek modification of or contest any aspect of the conviction or sentence" extended to compassionate-release motions under § 3582(c)(1)(A). *Id.* at 593. We reiterated that such waivers must be enforced, even when unforeseen circumstances like the Covid-19 pandemic arise after the plea agreement was made. *Id.* at 596, 600. Pursuant to the agreement, the government dismissed the third charge of felon in possession of a firearm, 18 U.S.C. § 922(g)(1), so Evans has already reaped the benefit of his waiver, *Bridgewater*, 995 F.3d at 602.

Because Evans waived the right to bring a compassionate-release motion, the appeal is DISMISSED.